IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION NO. 18-226 |
| | : | |
| v. | : | |
| | : | |
| BEHZAD SABAGH | : | CIVIL ACTION NO. 25-3050 |

**MEMORANDUM**

**Padova, J.**                                                                                      **April 22, 2026**

Before the Court is Defendant Behzad Sabagh's *pro se* Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. Mr. Sabagh asks us to vacate his conviction and sentence on the ground that his attorneys provided constitutionally ineffective assistance during his prosecution in Criminal Action No. 18-226. For the reasons stated below, we dismiss the Motion.

**I.      FACTUAL BACKGROUND**

Indictment No. 18-226 charged Mr. Sabagh with one count of conspiracy to commit honest services wire fraud in violation of 18 U.S.C. § 1349 (Count 1); and six counts of honest services wire fraud in violation of 18 U.S.C. §§ 1343, 1346, 1349 (Counts 2-7). (Crim. No. 18-226, Docket No. 1.) On April 5, 2019, Mr. Sabagh pleaded guilty to Count 1, and the Government agreed to dismiss Counts 2-7 at the time of sentencing. (Id. Docket Nos. 46, 49 at 11.) During his change of plea hearing, Mr. Sabagh admitted to participating in a bribery scheme in which he and others would provide cash and other benefits to Michael Riverso, an employee of the Real Estate Department of the Philadelphia Sheriff's Office, in exchange for preferential treatment when they purchased real estate at sheriff's sales. (See id. Docket No. 49 at 9-10, 36-37.) On August 15, 2019, Judge Wendy Beetlestone dismissed Counts 2-7 of Indictment No. 18-226 on the motion of

the Government and sentenced Mr. Sabagh to one month of imprisonment and three years of supervised release as to Count 1, with the first nine months of supervised release to be served on home detention. (Id. Docket Nos. 55, 58 at 2, 3, 5.) Mr. Sabagh was also sentenced to pay a fine of $46,129 and a $100 special assessment. (Id. Docket No. 58 at 7.) On October 28, 2019, Mr. Sabagh was released from the custody of the Bureau of Prisons (the "BOP") to begin serving his three-year term of supervised release. (Id. Docket No. 61 at 2.)

On July 7, 2022, Mr. Sabagh pleaded guilty before Judge Beetlestone to Counts 1-9 of Indictment No. 21-261, which charged him with nine counts of retaliation against a witness in violation of 18 U.S.C. § 1513(b)(2). (Crim. No. 21-261, Docket Nos. 1, 57.) Criminal Action No. 21-261 was reassigned to this Judge on February 16, 2023. (Id. Docket No. 51.) Defendant later moved to withdraw his Guilty Plea in Criminal Action No. 21-261, which we denied. (Id. Docket Nos. 53, 59.) On May 18, 2023, we sentenced Mr. Sabagh to 33 months of imprisonment and three years of supervised release on each of Counts 1-9 of Indictment No. 21-261, such terms to be served concurrently. (Id. Docket No. 65 at 2-3.) We also imposed a $10,000 fine and a $900 special assessment. (Id. at 6.)

On the same day, we found that Mr. Sabagh's conduct in Criminal Action No. 21-261 violated the terms of his supervised release in Criminal Action No. 18-226 and revoked Mr. Sabagh's supervised release in Criminal Case No. 18-226. (Crim No. 18-226, Docket No. 75.) We sentenced him in connection with the violation to 18 months of imprisonment, to run concurrent to the sentence imposed in Criminal Action No. 21-261, and 14 months of supervised release, to run concurrent to the term of supervised release imposed in Criminal Case No. 21-261. (Id.) We ordered that the execution of Mr. Sabagh's sentences of imprisonment in both cases be suspended until July 7, 2023, at which time Mr. Sabagh was directed to report to the BOP to begin

2

serving his sentences.  (Crim. No. 18-226, Docket No. 76; Crim. No. 21-261, Docket No. 64.)

Mr. Sabagh commenced the instant § 2255 proceeding by filing a § 2255 Motion *pro se* on June 12, 2025, without using the correct filing form.  On June 26, 2025, we ordered the Clerk's Office to provide him with the correct form.  On July 7, 2025, he filed the instant § 2255 Motion on the correct form.  In the instant § 2255 Motion, Mr. Sabagh challenges only his conviction in Criminal Action No. 18-226.  Mr. Sabagh did not appeal his conviction or sentence in Criminal Action No. 18-226.[1]

---

[1] On January 3, 2025, Mr. Sabagh was released from BOP custody to begin serving his terms of supervised release.  See *Inmate Locator*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (In the "Find By Name" Search Tool, enter "Behzad" in the "First" Box and enter "Sabagh" in the "Last" Box, then click "Search").  Thus, with respect to Criminal Case No. 18-226, Mr. Sabagh has served both his term of revocation imprisonment and his 14-month term of supervised release, which terminated on March 3, 2026.

Although neither party has raised the issue of mootness, before addressing Mr. Sabagh's Motion, the Court must determine whether his release from custody with respect to Criminal Case No. 18-226 renders the Motion moot.  See Steele v. Blackman, 236 F.3d 130, 134 n.4 (3d Cir. 2001) ("Although neither party argues that [the habeas petitioner's] appeal is moot, we are required to raise issues of standing sua sponte if such issues exist." (citation omitted)).

In order to bring a Section 2255 motion, the movant must be in custody under the sentence that they seek to challenge.  See 28 U.S.C. § 2255(a) ("A prisoner *in custody* under sentence of a court established by Act of Congress claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." (emphasis added)).  Although none of the restrictions imposed upon Mr. Sabagh pursuant to his sentence in Criminal Case No. 18-226 remain in place, Mr. Sabagh was subject to the term of supervised release imposed in Criminal Case No. 18-226 at the time that he filed the instant Motion, so we find that Mr. Sabagh satisfies the "in custody" requirement of Section 2255.  See U. S. ex rel. Wojtycha v. Hopkins, 517 F.2d 420, 423 n.6 (3d Cir. 1975) ("The 'in-custody' jurisdictional requirement is determined as of the date the petition is filed in the district court." (citing Carafas v. LaVallee, 391 U.S. 234 (1968))); United States v. Essig, 10 F.3d 968, 970 n.3 (3d Cir. 1993) (superseded on other grounds by statute) (explaining that a person on supervised release is "still 'a prisoner in custody' within the meaning of § 2255."); see also Spencer v. Kemna, 523 U.S. 1, 7 (1998) (stating that the district court's conclusion that the defendant's release from prison caused his habeas petition to be moot because it no longer satisfied the "in custody" requirement was error because "[the defendant] was incarcerated . . . at the time the petition was filed, which is all the 'in custody' provision of 28 U.S.C. § 2254 requires." (citations omitted)).

However, "[t]o sustain our jurisdiction in the present case, it is not enough that a dispute was very much alive when suit was filed . . . . " Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990) (citations omitted).  "The parties must continue to have a personal stake in the outcome of

## II.    LEGAL STANDARD

Mr. Sabagh has moved for relief pursuant to 28 U.S.C. § 2255, which provides that:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).  "Section 2255 does not provide habeas petitioners with a panacea for all alleged trial or sentencing errors." United States v. Rishell, Crim. No. 97-294-1, 2002 WL 4638, at *1 (E.D. Pa. 2001) (citation omitted).  "To prevail on a motion under 28 U.S.C. § 2255, the movant's claimed errors of law must be constitutional, jurisdictional, 'a fundamental defect which inherently results in a complete miscarriage of justice,' or 'an omission inconsistent with the rudimentary demands of fair procedure.'" Id. (quoting Hill v. United States, 368 U.S. 424, 428 (1962)); see also United States v. Travillion, 759 F.3d 281, 288 (3d Cir. 2014) (stating that "relief under § 2255 is available only when 'the claimed error of law was a fundamental defect which

---

[a] lawsuit" in order to satisfy the case-or-controversy requirement under Article III of the United States Constitution, which commands that "federal courts may adjudicate only actual, ongoing cases or controversies." Id. at 478 (citations and internal quotations omitted).  "Once [a] convict's sentence has expired . . . some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit [challenging the validity of their conviction] is to be maintained." Spencer, 523 U.S. at 7 (citing Carafas, 391 U.S. at 237-38).  We find that the instant Motion presents a case or controversy under Article III, § 2, of the United States Constitution because Mr. Sabagh's Motion challenges the legal basis of his conviction in Criminal Case No. 18-226 (see Mot. at 6), and the United States Supreme Court "[has] been willing to presume that a wrongful criminal conviction has continuing collateral consequences." Spencer, 523 U.S. at 7 (citing Sibron v. New York, 392 U.S. 40, 55-56 (1968)); see Snyder v. United States, Crim. A. No. 15-248-2, 2023 WL 3097656, at *1 n.1 (E.D. Pa. Apr. 26, 2023) ("[A]lthough [the petitioner's] term of supervised release terminated last month, the presumed 'continuing collateral consequences' of a wrongful federal criminal conviction satisfy the Constitution's case-or-controversy requirement [with respect to the petitioner's Section 2255 motion]." (citing Spencer, 523 U.S. at 8)).

inherently results in a complete miscarriage of justice and . . . present[s] exceptional circumstances where the need for the remedy afforded by the writ . . . is apparent."  (alterations in original) (quoting Davis v. United States, 417 U.S. 333, 346 (1974))).

## III.    DISCUSSION

### A. Timeliness

The Government argues that we should dismiss the Motion because it is untimely.  Section 2255 provides that a defendant may bring a Motion to Vacate, Set Aside or Correct Sentence for one year from the latest of:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  The Government asserts that Mr. Sabagh filed his § 2255 Motion nearly five years after the limitations period expired, as he is challenging a judgment entered on August 15, 2019 that became final for the purpose of seeking collateral review on August 30, 2020.  (See Crim. No. 18-226, Docket No. 58 at 1.)  Mr. Sabagh's Judgment of Conviction was entered on August 15, 2019.  Mr. Sabagh had 14 days after the entry of his Judgment of Conviction to file a direct appeal.  See Fed. R. App. P. 4(b)(1)(A)(i).  Mr. Sabagh did not file a direct appeal; therefore, the date on which his judgment became final was August 30, 2019.  See id.; Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired.").  Thus, the day on

which the one-year statute of limitations for bringing the instant Motion began to run was August 30, 2019.  Accordingly, the statute of limitations applicable to the instant Motion expired on August 30, 2020.  Mr. Sabagh did not commence the instant § 2255 proceeding until June 12, 2025 (the date on which he filed his first § 2255 motion).  (See Crim. No. 18-226, Docket No. 80.)

Mr. Sabagh argues that his § 2255 Motion is not untimely because the Motion relies on a new rule of law and also argues, in the alternative, that we can consider the Motion notwithstanding the running of the statute of limitations because he is actually innocent.

      1.   New Rule of Law

Mr. Sabagh argues that the instant Motion was timely filed because he is relying on a new rule of law that was recognized by the Supreme Court less than a year before he filed his first § 2255 motion.  Mr. Sabagh contends that the Supreme Court's June 26, 2024 decision in Snyder v. United States, 603 U.S. 1 (2024), announced a new rule of law that "gratuities without a quid pro quo are not bribery."  (Mot. at 10 (citing Snyder, 603 U.S. 1).)  Mr. Sabagh argues that pursuant to Snyder his "conduct did not constitute conspiracy to commit wire/mail fraud" because his conviction involved the payment of a gratuity to a public official.  (Id. at 6.)  Mr. Sabagh also claims that his trial counsel provided ineffective assistance in that he failed to move to dismiss the 18 U.S.C. § 1349 charge (Count 1) on this basis.

The Government argues that 28 U.S.C. § 2255(f)(3) does not govern the running of the statute of limitations in this case because Snyder did not announce a new rule of law that applies to Mr. Sabagh's conviction.  The sole question before the Snyder Court was whether 18 U.S.C. § 666, which "makes it a crime for state and local officials to 'corruptly' solicit, accept, or agree to accept 'anything of value from any person, intending to be influenced or rewarded' for an official act . . . also makes it a crime for state and local officials to accept gratuities . . . . "  Snyder, 603

U.S. at 5 (quoting 18 U.S.C. § 666(a)(1)(B)).  As we stated above, Mr. Sabagh, who is not a government official, was convicted of conspiracy to commit honest services wire fraud in violation of 18 U.S.C. § 1349.  (See Crim No. 18-226, Docket No. 58.)  He was not convicted of conspiracy to violate 18 U.S.C. § 666.  (See id.)  We conclude, accordingly, that Snyder did not announce a new rule of law that applies to Mr. Sabagh's conviction.  Therefore, we further conclude that Mr. Sabagh's argument that he filed his § 2255 Motion within the applicable limitations period provided by 28 U.S.C. § 2255(f)(3) is meritless.

2.   Actual Innocence

Mr. Sabagh also argues that we can consider his § 2255 Motion even if he filed it after the expiration of the limitations period because he is actually innocent.  The United States Supreme Court has held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass" notwithstanding the "expiration of the statute of limitations."  McQuiggin v. Perkins, 569 U.S. 383, 386 (2013).  However, "[a] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of . . . new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."  (Id. (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)) (citing House v. Bell, 547 U.S. 518, 538 (2006)).)  Mr. Sabagh has provided the Court with no new evidence supporting his claim of actual innocence.  Rather, he simply argues that his offense conduct did not constitute fraud.  Thus, we conclude that Mr. Sabagh has failed to make "a convincing showing of actual innocence" that would enable the Court to consider the instant § 2255 Motion notwithstanding the expiration of the one-year statute of limitations.  Id. We therefore grant the Government's motion and dismiss the instant Motion because it was filed after the expiration of the applicable limitations period.

7

B. The Merits of Mr. Sabagh's Grounds for Relief

We have also considered the merits of Mr. Sabagh's Motion. Mr. Sabagh asks that we vacate his conviction and sentence in this case because his counsel's representation was constitutionally ineffective.

In order to prevail on a claim for ineffective assistance of counsel, a criminal defendant must demonstrate that (1) his attorney's performance was deficient, i.e., that the performance was unreasonable under prevailing professional standards, and (2) that he was prejudiced by his attorney's performance. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). "The first part of the *Strickland* test requires 'showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" United States v. Bui, 795 F.3d 363, 366 (3d Cir. 2015) (quoting Strickland, 466 U.S. at 687). "The second part specifies that the defendant must show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Id. (quoting Strickland, 466 U.S. at 694). "[T]here can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument." Id. at 366-67 (quoting United States v. Sanders, 165 F.3d 248, 253 (3d Cir. 1999)).

1. Ground One

In his first ground for relief, Mr. Sabagh argues that his attorney was ineffective for failing to move to dismiss the charge of conspiracy to commit honest services wire fraud because his offense conduct did not constitute conspiracy to commit wire or mail fraud in violation of 18 U.S.C. § 1349. As we have mentioned above, Count 1 of Indictment No. 18-226 charged Mr. Sabagh with conspiracy to commit honest services wire fraud in violation of 18 U.S.C. § 1349. (See Crim No. 18-226, Docket No. 1.) The overt acts charged in Count 1 of the Indictment were

8

acts of wire fraud and honest services fraud in violation of 18 U.S.C. §§ 1343 and 1346.  (See id. at 3-12.)  A person violates Section 1343 by "transmit[t]ing or caus[ing] to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing [any scheme or artifice to defraud]."  18 U.S.C. § 1343.  Section 1346 provides that "[f]or the purposes of this chapter, the term 'scheme or artifice to defraud' includes a scheme or artifice to deprive another of the intangible right of honest services."  18 U.S.C. § 1346.  In Skilling v. United States, 561 U.S. 358 (2010), the Supreme Court stated that "there is no doubt that Congress intended [18 U.S.C § 1346] to reach *at least* bribes and kickbacks."  561 U.S. at 408.

The Indictment charged Mr. Sabagh with paying cash and other benefits to Michael Riverso, an employee of the Real Estate Department of the Philadelphia Sheriff's Office, in exchange for Mr. Riverso transmitting information to Mr. Sabagh.  (Crim No. 18-226, Docket No. 1 at 3, 5.)  The information that was transmitted to Mr. Sabagh by Mr. Riverso using wire communication included Sheriff's sale auction lists that showed which property sales had been stayed or postponed.  (See id. at 3-5.)  At his April 18, 2019 Change of Plea hearing, Mr. Sabagh pleaded guilty to conspiracy to commit honest services wire fraud in violation of 18 U.S.C. § 1349 (Count 1) and admitted to participating in the bribery scheme detailed in Count 1 of Indictment No. 18-226.  (See id. Docket No. 49 at 7-10, 36-37, 41.)  By participating in a bribery scheme for purposes of receiving special benefits from the Real Estate Department of the Philadelphia Sheriff's Office, Mr. Sabagh conspired to deprive others of the intangible right of honest services. See Skilling, 561 U.S. at 400, 404 (explaining that the honest services theory of fraud recognized "actionable harm . . . in the denial of [a betrayed] party's right to the offender's 'honest services,'" and that "Congress intended § 1346 to refer to and incorporate the honest-services doctrine . . . ").

9

Thus, Mr. Sabagh's argument that the conduct for which he pleaded guilty did not constitute conspiracy to commit honest services wire fraud in violation of 18 U.S.C. § 1349 is meritless. See id. at 404. Accordingly, we deny the instant Motion as to Mr. Sabagh's first claim for relief because "there can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument." Bui, 795 F.3d at 366-67 (quoting Sanders, 165 F.3d at 253).

2. Ground Two

In his second ground for relief, Mr. Sabagh argues that his counsel was constitutionally ineffective for failing to advise him against pleading guilty to violating 18 U.S.C. § 1349, on the ground that Section 1349 does not include bribery as an element of the offense. In his Reply, Mr. Sabagh further explains his claim, stating that he should not have been convicted of violating Section 1349, because the crime of conspiracy requires proof of a valid, underlying offense, and the Government did not prove that he was guilty of the bribery offenses that are charged as the overt acts underlying the conspiracy charged in Count I of the Indictment. However, the legal authorities that Mr. Sabagh cites do not support this argument.

Indeed, in U.S. v. Jimenez Recio, 537 U.S. 270 (2003), the Supreme Court observed that "the essence of a conspiracy is an agreement to commit an unlawful act." Id. at 274 (quotation and citations omitted). "[I]t is elementary that a conspiracy may exist and be punished whether or not the substantive crime ensues." United States v. Rigas, 605 F.3d 194, 209 (3d Cir. 2010) (quoting Salinas v. United States, 522 U.S. 52, 65 (1997)). Thus, a conviction for violating Section 1349 does not require proof of a defendant's commission of the substantive crime that is the object of the conspiracy. See id. We conclude, accordingly, that this ground for relief lacks merit, and thus, Mr. Sabagh's counsel's failure to raise it did not constitute deficient performance that amounts to constitutionally ineffective assistance. See Bui, 795 F.3d at 366-67.

10

### 3. Ground Three

In his third ground for relief, Mr. Sabagh argues that his counsel was ineffective for "failing to object to the court's use of '18 U.S.C. § 3661' and the Parsimony Clause during sentencing," which he contends violated his "constitutional rights under [the] due Process Clause and the Bill of rights in light of the Supreme Court[']s ruling[s] of Sparf and Jarkesy." (Mot. at 9.)

"The parsimony clause in 18 U.S.C. § 3553(a) is the requirement that the court 'impose a sentence sufficient, but not greater than necessary' to meet the goals of sentencing." United States v. Washington, Crim. A. No. 13-171-2, 2025 WL 270058, at *12 (E.D. Pa. Jan. 22, 2025) (citing 18 U.S.C. § 3553(a)). Section 3661 states that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661. Neither of the Supreme Court decisions on which Mr. Sabagh relies, Sparf v. United States, 156 U.S. 51 (1895) and Securities and Exchange Commission v. Jarkesy, 603 U.S. 109 (2024), bar the sentencing court's application of the parsimony clause or use of information concerning the background, character, and conduct of a defendant in determining the appropriate sentence pursuant to 18 U.S.C. § 3553(a).

We conclude, accordingly, that any challenge to the Court's application of the parsimony clause and § 3661 at sentencing would have been meritless, and Mr. Sabagh's counsel's failure to raise such a meritless challenge did not constitute deficient performance that amounts to constitutionally ineffective assistance. See Bui, 795 F.3d at 366-67.

### 4. Ground Four

In his fourth ground for relief, Mr. Sabagh argues that his counsel was ineffective for failing to raise the argument that he was not guilty of violating § 1349 because his conduct amounted to

the payment of gratuities to a public official, which did not violate the law.  Mr. Sabagh does not cite to any authority that would classify his payments to Mr. Riverso, who was an employee of the Philadelphia Sheriff's Office, as "gratuities," and Mr. Sabagh pleaded guilty to conspiracy to commit honest services wire fraud through a bribery scheme.  (See Crim. No. 18-226, Docket No. 49 at 9-10, 36-37, 41.)  Moreover, while Mr. Sabagh now states that the Government referred to his payments to Mr. Riverso as gratuities, we have found no such reference.

Moreover, Mr. Sabagh's argument relies on his misunderstanding of the holding of Snyder.  As we discussed above, in Snyder, the Supreme Court held that 18 U.S.C. § 666 proscribes bribes to state and local officials but does not make it a crime for those officials to accept gratuities for their past acts.  Snyder, 603 U.S. at 5.  However, we are aware of no authority that the holding in Snyder is applicable to Mr. Sabagh's crime of conviction, namely, conspiracy to commit honest services wire fraud in violation of 18 U.S.C. § 1349.  Accordingly, we conclude that Mr. Sabagh's counsel's failure to challenge Mr. Sabagh's conviction on this basis did not constitute deficient performance that amounts to constitutionally ineffective assistance, given that such a challenge would be meritless.  See Bui, 795 F.3d at 366-67.

## IV.    CONCLUSION

For the foregoing reasons, we dismiss the instant § 2255 Motion because it was filed after the applicable limitations period had expired.  See 28 U.S.C. § 2255(f).  Moreover, we conclude that Mr. Sabagh has "not made the required substantial showing of the denial of a constitutional right such as would warrant the issuance of a Certificate of Appealability." United States v. Hicks, Crim. No. 07-83, 2022 WL 16637983, at *6 (E.D. Pa. Nov. 2, 2022) (citing Slack v. McDaniel, 529 U.S. 473, 478 (2000); Bracey v. Superintendent. Rockview SCI, 986 F.3d 274, 283 (3d Cir. 2021)).  Accordingly, we decline to issue a certificate of appealability.  An appropriate order

12

follows.

BY THE COURT:


 /s/ John R. Padova, J.
John R. Padova, J.